**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| DAVID GONZALEZ, | |
| Plaintiff, | |
| vs. | Case No. 2:17-cv-00607-JAD-VCF |
| CLARK COUNTY, EX REL, THE CLARK COUNTY SHERIFF'S OFFICE, DAVID ASPIAZU, ERIN HOOD, | **ORDER** |
| Defendants. | |

This matter involves Plaintiff David Gonzalez's *pro se* civil rights action under 42 U.S.C. § 1983 and Nevada law against Defendants Clark County, ex rel, High Desert State Prison ("HDSP") Sergeant David Aspiazu, and HDSP Correctional Officer Erin Hood. Before the Court is Gonzalez's Motion to Strike (ECF No. 13); the Defendants' Response (ECF No. 14); and Gonzalez's Reply (ECF No. 15). For the reasons stated below, Gonzalez's Motion to Strike is denied.

**I. Background**

Gonzalez is currently incarcerated at HDSP. Gonzalez originally filed this action in state court in November 2016. *See* ECF No. 1-1 at 2. On February 24, 2017, the Defendants removed the action to Federal Court. *See* ECF Nos. 3; 8. Gonzalez's Complaint has not been screened under 28 U.S.C. § 1915A. On March 3, 2017, the Defendants filed an Answer to the Complaint. *See* ECF No. 5. On April 12, 2017, the Defendants filed a proposed discovery plan and scheduling order which Gonzalez did not agree to. *See* ECF No. 10. The following day, this Court approved the discovery plan and scheduling order. *See* ECF No. 11. A few days later, Gonzalez filed the instant Motion asking this Court to strike the discovery plan and scheduling order because it was filed by Defendants before the District Court screened his complaint under § 1915A(a).

## II. Discussion

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Additionally, district courts have the inherent power to control their own dockets, including the power to strike items from the docket. *See Ready Transportation, Inc., v. AAR Manufacturing, Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (quoting *Atchison, Topeka & Santa Fe Ry. v. Hercules, Inc.*, 146 F.3d 1071, 1074 (9th Cir. 1998)).

District courts ordinarily screen a prisoner's complaint prior to service. *See* 28 U.S.C. § 1915A(a). Both § 1915A(a) and the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, mandate early judicial screening of prisoner complaints. *See Jones v. Bock*, 549 U.S. 199, 213-14 (2007) (noting that district courts must screen a prisoner's complaint "before any responsive pleading is filed"). When defendants file an answer or responsive pleading, however, the need for screening is obviated. *See, e.g.*, *Nordstrom v. Ryan*, 762 F.3d 903, 907 n.1 (9th Cir. 2014) ("The purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding"); *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) (explaining that the PLRA's screening provision was intended "to conserve judicial resources by authorizing district courts to dismiss nonmeritorious prisoner complaints at an early stage"); *Mayo v. Williams et al.*, Case No. 2:16-cv-00047-APG-VCF (ECF No. 7, February 1, 2016).

In this case, a screening order is not necessary. The Defendants filed a notice of removal on February 24, 2017. The Defendants have responded to Gonzalez's Complaint by timely filing an Answer. *See* ECF No. 5. Fed. R. Civ. P. 81(c)(2) states, among other things, that after "removal, repleading is unnecessary unless the court orders it" and that a "defendant who did not answer before removal must answer or present other defenses or objections" within "7 days after the notice of removal is filed." *See*

Fed. R. Civ. P. 81(c)(2); *see also* LR 81-1. This case should proceed on the normal litigation track as guided by the Federal Rules of Civil Procedure. Accordingly, striking the discovery plan and scheduling order is not warranted. *See Chan v. Pan W. Corp.*, No. 2:10-CV-1317-KJD-PAL, 2011 WL 830237, at *1 (D. Nev. Mar. 4, 2011) ("A Rule 12(f) motion is considered a 'drastic remedy' that is 'generally disfavored' by federal courts.") (citing *Nevada Fair Housing Center, Inc. v. Clark County*, 565 F.Supp. 2d 1178 (D. Nev. 2008)); *see also Bureerong v. Uvawas*, 922 F.Supp. 1450, 1478 (C.D. Cal. 1996) ("Rule 12(f) motions are generally disfavored because they are often used as delaying tactics, and because of the limited importance of pleadings in federal practice.") (citations omitted). The Court also notes that pursuant to the discovery plan and scheduling order, Gonzalez may file a motion or stipulation to extend a deadline or modify a provision in the discovery plan and scheduling order. *See* ECF No. 11 at 4. Gonzalez is advised that any stipulation or motion must be made no later than 21 days before the expiration of the subject deadline and must meet certain basic requirements.[1]

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that Gonzalez's Motion to Strike (ECF No. 13) is DENIED.

---

[1] Local Rule 26-4 states:

> A motion or stipulation to extend any date set by the discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. A motion or stipulation to extend a deadline set forth in a discovery plan must be received by the court no later than 21 days before the expiration of the subject deadline. A request made within 21 days of the subject deadline must be supported by a showing of good cause. A request made after the expiration of the subject deadline will not be granted unless the movant also demonstrates that the failure to act was the result of excusable neglect. A motion or stipulation to extend a discovery deadline or to reopen discovery must include:
>
> (a) A statement specifying the discovery completed;
> (b) A specific description of the discovery that remains to be completed;
> (c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and
> (d) A proposed schedule for completing all remaining discovery

## NOTICE

Pursuant to Local Rule IB 3-1(a), a party may object to an order issued by the Magistrate Judge. Objections must be in writing and filed with the Clerk of the Court within 14 days. *See* LR IB 3-1(a). The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *See Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *see also Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

IT IS SO ORDERED.

DATED this 1st day of June, 2017.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE