UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*



DAVID GONZALEZ,

    Plaintiff,

vs.

CLARK COUNTY, EX REL-THE CLARK COUNTY SHERIFF'S OFFICE, SGT. ASPIAZU, 7117, CO HOOD, #9902,

    Defendants.

2:17-cv-00607-JAD-VCF

**ORDER**

MOTION TO EXTEND TIME TO RESPOND [ECF NO. 41]

Before the Court is Defendant Clark County Detention Center's Motion to Extend Time to Respond to Plaintiff's Motion to Compel. (ECF No. 41). For the reasons discussed below, the motion is granted.

On November 13, 2017, the Court lifted the stay in effect in this case and set the discovery cut-off deadline for February 28, 2018. (ECF No. 38 at 2). Starting November 21, 2017, the parties began discussing potentially settling the case or, in the alternative, further discovery that was needed. (ECF No. 41 at 2; ECF No. 42 at 2-3). On January 16, 2018, Plaintiff filed a motion to compel discovery (ECF No. 39) and motion to extend discovery deadlines (ECF No. 40). The deadline to respond to these motions was January 30, 2018.

On that date, Defendant filed a motion to extend time to respond to Plaintiff's motion to compel.[1] (ECF No. 41). Defendant asserts it was in the process of reviewing Defendant's settlement offer when

---

[1] Defendant's motion to extend time to respond does not address Plaintiff's motion to extend discovery deadlines. (ECF No. 40). The time to respond to Plaintiff's motion to extend discovery deadlines has passed. While the Court may use its discretion to grant an unopposed motion, the Court will not do so at this time. Plaintiff moved to extend discovery deadlines based on his motion to compel. (*Id.* at 3-4). The Court will resolve Plaintiff's motion to compel and motion to extend discovery deadlines jointly.

Plaintiff filed his motion to compel, preventing Defendant from responding to the motion within the statutory deadline. (*Id.* at 2). In opposition, Plaintiff argues Defendant had enough time to respond to the motion and Defendant is attempting to delay the case. (ECF No. 42 at 2-4).

"When an act may or must be done within a specified time, the court may, for good cause, extend the time…if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1); *see also* LR IA 6-1. "Good cause exists to enlarge the time by which a party may file a brief where additional time is needed to prepare such a brief." *Olivas v. Nevada ex rel. Dep't of Corr.*, No. 2:14-cv-01801-JCM-VCF, 2017 WL 3484650, at *1 (D. Nev. Aug. 14, 2017).

The Court finds good cause to extend the time for Defendant to respond to Plaintiff's motion to compel. Defendant was considering Plaintiff's settlement proposal when Plaintiff filed his motion to compel. The change in focus from settlement discussions to discovery explains Defendant's request for a minor extension. Despite Plaintiff's argument that the case will be delayed, Defendant only asked to extend the time to respond by two weeks, to February 13, 2018. (ECF No. 41 at 3).

Accordingly,

IT IS HEREBY ORDERED that Motion to Extend Time to Respond to Plaintiff's Motion to Compel (ECF No. 41) is GRANTED.

IT IS FURTHER ORDERED that Defendant will have until February 13, 2018 to file a response to the motion to compel.

## NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections

within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action.** *See* LSR 2-2.

IT IS SO ORDERED.

DATED this 8th day of February, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE