**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| DAVID GONZALEZ,<br><br>        Plaintiff,<br><br>vs.<br><br>CLARK COUNTY, EX REL-THE CLARK COUNTY SHERIFF'S OFFICE, SGT. ASPIAZU, 7117, CO HOOD, #9902, *et al.*,<br><br>        Defendants. | 2:17-cv-00607-JAD-VCF<br>**ORDER** |

Before the Court are Plaintiff's Motion to Compel Discovery (ECF No. 39) and Motion to Extend Discovery Deadlines (ECF No. 41). The Court held a hearing on March 14, 2018 and heard representations and arguments from the parties on the Motion to Compel Discovery and Motion to Extend Discovery Deadlines.

**Motion to Compel Discovery**

1. Plaintiff makes a request for production of the video recording of the incident. Defendants state on the record that they have searched for a video of the incident but no copy was preserved. Defendants state that they have provided a supplement to their written discovery, on March 12, 2018, to Plaintiff and it should resolve many of the issues raised in Plaintiff's motion to compel. The court finds that Defendants have adequately and sufficiently answered the request for production of document with regards to the video recording of the incident.

2. Plaintiff requests a copy of the actual internal affairs file. Defendants argue government immunity privilege. After weighing the parties' interest, the court has ordered Defendants to produce the internal affairs file to chambers, on or before March 28, 2018, for an in camera review. Defendants do

not have to produce the internal affairs file to plaintiff. The court will make a determination as to the relevance of the internal affairs file at a later date. Defendants have offered to also produce the use of force report to chambers to show that the actual internal affairs file is not relevant or admissible. The use of force report was produced as a supplement to the production of documents to Plaintiff on Mach 12, 2018.

3. Plaintiff asks the Court to address Requests for Production of Documents Nos. 3, 4, 6, 7, and 8. Plaintiff states that Officer Aspiazu took 10 pictures of him in his cell a five days after the incident but Defendants have only produced two photographs. Mr. Freeman will check with his client for more pictures or provide an explanation to the Plaintiff for the lack of photographs by March 28, 2018.

4. Plaintiff requests Defendants to produce all reports of the incident. He alleges that approximately 15 officers were at the scene of the incident, however, Defendants have only produced 4 reports and the reports were all approved by Officer Aspiazu. Defendants have stated that there are only four reports of the incident, with Officer Aspiazu as the supervising officer, and all four have been produced to Plaintiff. The Court finds that Defendants have produced all reports and Plaintiff's request for additional reports of the incident is denied.

5. As for Interrogatories, a discussion was held on ROGS Nos. 1, 2, 4, 5, 9, 10, and 14. Plaintiff requests that Defendants produce the names of all the inmates that witnessed the fight and incident. Mr. Freeman argues and objects to ROG No. 14, since every inmate that witnessed the fight has a right to privacy and their names should not be disclosed to Plaintiff. Defendants state that the supplement sent to Plaintiff last week should satisfy ROG No. 10. Plaintiff also seeks the name of his cell mate at the time of the incident.

6. The Court finds that Mr. Freeman is ordered to inquire his client if there are any other witnesses to the incident and to produce the name of Plaintiff's cell mate by March 28, 2018. The request to name the other inmates is denied.

Accordingly,

IT IS HEREBY ORDERED that the Motion to Compel Discovery (ECF No. 39) is GRANTED in part and DENIED in part as discussed above.

IT IS FURTHER ORDERED that on or before March 28, 2018, Defendants must submit to chambers the internal affairs file.

IT IS FURTHER ORDERED that the Motion to Extend Discovery Deadlines (ECF No. 40) is GRANTED and the following discovery deadlines apply.

1. DISCOVERY: Pursuant to LR 16-1(b), discovery in this action must be completed on or before June 15, 2018.

2. Expert disclosures must be made on or before April 16, 2018, and the disclosures of rebuttal experts must be made on or before May 16, 2018.

3. Dispositive Motions shall be filed and served no later than July 16, 2018.

4. The Joint Pretrial Order is due by August 15, 2018. If dispositive motions are filed, the joint pretrial order is due thirty (30) days from the entry of the court's rulings on the motions or by further order of the court.

DATED this 20th day of March, 2018.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE