# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| David Gonzalez, | Case No. 2:17-cv-0607-JAD-VCF |
| Plaintiff | |
| v. | **Order Overruling Objection to Magistrate Judge's Denial of Motion for Leave to Amend** |
| Clark County, ex rel Clark County Sheriff's Office, et al., | |
| Defendants | [ECF No. 59] |

David Gonzalez brings this civil-rights action to redress the excessive force he claims he suffered at the Clark County Detention Center. Gonzalez sued "the Clark County Sheriff's Office" and just two named corrections officers in his original complaint.[1] When he ultimately learned the names of additional employees he wants to sue, he moved to amend. But because his leave request came ten months after the deadline to amend pleadings and Gonzalez did not demonstrate excusable neglect for the delay, Magistrate Judge Ferenbach denied it.[2] Gonzalez objects to that decision. Because I find that the magistrate judge's ruling was neither clearly erroneous nor contrary to law, I overrule Gonzalez's objection.

## Discussion

**A.    Standard for reviewing a magistrate judge's final determination.**

"A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case under LR IB 1-3, when it has been shown the magistrate judge's order is

---

[1] ECF No. 1-1.
[2] ECF No. 56.

clearly erroneous or contrary to law."[3]  "The district judge may affirm, reverse, or modify, in whole or in part, the magistrate judge's order.  The district judge may also remand the matter to the magistrate with instructions."[4]  "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure."[5]  The magistrate judge's ruling must be overturned if, "after reviewing the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed."[6]

**B.  Gonzalez has not demonstrated that the magistrate judge's decision was clearly erroneous or contrary to law.**

Gonzalez argues that the magistrate judge misperceived the reasons his request for leave was delayed, and those reasons show that Gonzalez can't be blamed for the delay.[7]  He points out that he first learned the names of these three additional defendants (Talavera, Sanders, and Burleson) when defendants responded to his discovery requests on September 12, 2017, but the very next day, the court stayed the case for nearly four months while it looked for pro bono counsel for Gonzalez.[8]  Once the stay was lifted, he successfully moved to compel the defendants to identify more corrections officers, but defendants' supplemental responses identified no additional names.[9]  So, only then—on April 20, 2018—did Gonzalez file his motion to add claims against these identified defendants.[10]  Because this stay and discovery

---

[3] Nev. L.R. IB 3-1(a).
[4] *Id.* at 3-1(b).
[5] *United States v. Desage*, 229 F. Supp. 3d 1209, 1213 (D. Nev. 2017) (quotation omitted).
[6] *United States v. Silverman*, 861 F.2d 571, 576–77 (9th Cir. 1988).
[7] ECF No. 59.
[8] *Id*. at 2.
[9] *Id*. at 3.
[10] *Id*.

2

process were delays he did not cause, Gonzalez argues that he should have been given leave to amend.

But Gonzalez conveniently ignores the delay he caused on the front end of this process. The deadline to amend pleadings was June 1, 2017,[11] but Gonzalez waited until nearly a month after that deadline expired to propound discovery on the defendants to obtain the names of the additional defendants.[12] He offers no explanation for that delay. Local Rule IA 6-1(a) also provides that requests to extend deadlines "made after the expiration of" that deadline "will not be granted unless the movant . . . demonstrates that the failure to file the motion before the deadline expired was the result of excusable neglect."[13] Gonzalez did not even ask to reopen the deadline to amend his complaint, let alone attempt to demonstrate excusable neglect for waiting until after that deadline expired to begin to discover these additional names.[14] And even if I were to overlook these delays and failures, Gonzalez should have moved to add the three defendants whose names he received immediately upon learning of them in September 2017; it was not reasonable for him to wait until April 2018 simply because he was trying to get even more names.

Because Gonzalez's leave request was late and he did not show—and cannot demonstrate—excusable neglect for that delay, and because Gonzalez has not shown that the magistrate judge's denial of his untimely motion was clearly erroneous or contrary to law, I overrule his objection and affirm the magistrate judge's order.

---

[11] ECF No. 11. Although some deadlines in the scheduling order were extended, *see* ECF Nos. 28, 38, this one was not.

[12] ECF No. 62 at 4.

[13] L.R. IA 6-1(a).

[14] *See* ECF No. 53 (motion for leave).

**Conclusion**

IT IS HEREBY ORDERED that Gonzalez's "Objection to the Courts Writen [sic] Order on Plaintiff's Motion for Leave to File an Amended Complaint" **[ECF No. 59] is OVERRULED**, and the magistrate judge's order **[ECF No. 56] is AFFIRMED**.

Dated: March 29, 2019

_____
U.S. District Judge Jennifer A. Dorsey